FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 02, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN JOSE NUNEZ,<br><br>Defendant. | No. 2:21-CR-00147-TOR-1<br><br>ORDER DENYING MOTION TO REOPEN DETENTION HEARING<br><br>**ECF No. 20** |

On November 29, 2021, the Court conducted a hearing on Defendant's Motion for Reconsideration, ECF No. 20, which the Court construes as Motion to Reopen Detention. Defendant was represented by Bevan Maxey. Assistant United States Attorney Patrick Cashman represented the United States.

Defendant previously waived his right to a detention hearing. ECF No. 16. The Court therefore treats the matter as an initial detention determination. The Court considered the Pretrial Services Report (ECF No. 9) and the proffers and arguments of counsel. To decide whether conditions of release would reasonably

ORDER DENYING MOTION TO REOPEN DETENTION HEARING - 1

assure Defendant's appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against Defendant;
3. The history and characteristics of Defendant; and
4. The nature and seriousness of the danger Defendant would present to the community if released.

Defendant is charged with conspiracy to distribute 50 grams or more of methamphetamine. Due to the nature of the charge, there is a rebuttable presumption of detention in this case.

The United States proffers that evidence, including surveillance footage and cooperating individuals, connects Defendant to a "stash house" at which a raid was conducted and 4.75 pounds of methamphetamine and multiple firearms were discovered, including both pistols and rifles. The Court has concerns about danger to the community when firearms are present in connection with controlled substances.

The Court also has serious concerns regarding danger to the community because, when the instant charge arose, Defendant was on federal supervision for distribution of controlled substances and possession of a firearm in furtherance of a drug trafficking crime. The similarity between the current charge against

ORDER DENYING MOTION TO REOPEN DETENTION HEARING - 2

Defendant and the previous offenses of conviction for which Defendant was on federal supervision is indicative of ongoing dangerousness. The Court's concern is further heightened because Defendant was not simply subject to traditional federal supervision when the instant charge arose; he was, instead, a participant in the Sobriety, Treatment, and Education Program (STEP). STEP participants are subject to intense supervision and the allegation of new criminal conduct while on such intense supervision leaves the Court with no confidence that conditions of release will be an effective tool to prevent similar future conduct.

Defendant seeks release to inpatient treatment rather than release to the community. However, the Court finds that inpatient treatment is an insufficient condition to address the danger to the community. The Court notes that at the time of the alleged offense and while in STEP, Defendant was subject to drug testing twice a week and tested negative during the majority of those tests. Thus, the Court does not find cause to attribute the concern about dangerousness to drug use.

The Court concludes Defendant has not rebutted the presumption of detention. The Court separately finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community and, accordingly, denies Defendant's request for release.

**IT IS ORDERED:**

ORDER DENYING MOTION TO REOPEN DETENTION HEARING - 3

1. Defendant's Motion for Reconsideration, ECF No. 20, which the Court construes as Motion to Reopen Detention, is **DENIED**.

2. Defendant shall be committed to the custody of the Attorney General pending disposition of this case or until further order of the Court. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

3. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the Court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

4. If Defendant seeks review of this Order pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

DATED December 2, 2021.

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING MOTION TO REOPEN DETENTION HEARING - 4